UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICHARD COWAN and
MICHELLE UJUETA
    Plaintiffs,

vs.

WRIGHT NATIONAL FLOOD
INSURANCE COMPANY,
    Defendant.
_____/

## COMPLAINT

The Plaintiffs, RICHARD COWAN and MICHELLE UJUETA, (hereinafter "Plaintiffs"), by and through undersigned counsel, hereby sues the Defendant, WRIGHT NATIONAL FLOOD INSURANCE COMPANY (hereinafter "Defendant"), and in so doing, alleges the following:

### GENERAL ALLEGATIONS

1. This is an action for damages of more than $50,000.00.

2. This action arises under flood insurance regulations issued by the Federal Emergency Management Agency ("FEMA"); the National Flood Insurance Act of 1968, as amended ("FNIA"), 42 U.S.C. §4001 *et seq.*, and federal common law.

3. This breach of contract action involves breaches of a federal flood insurance policy that DEFENDANT provided to PLAINTIFFS pursuant to the NFIA.

4. Pursuant to 42 U.S.C. §4072, this Court has original and exclusive subject matter jurisdiction over cases involving disputed disallowance or partial disallowance of federal flood insurance claims proceeds, regardless of the amount in controversy.

5. Pursuant to 28 U.S.C. §1331, the Court has subject matter jurisdiction because this matter involves an insurance contract that was issued pursuant to the National Flood Insurance Act

of 1968, as amended, and thus involves federal questions, including the application of federal statutes and federal regulations.

6. RICHARD COWAN is a resident of Broward County, Florida, and is *sui juris.*

7. MICHELLE UJUETA is a resident of Broward County, Florida, and is *sui juris*.

8. At all times material, PLAINTIFFS owned the residential property located at 980 SW 31st Street Fort Lauderdale, Florida 33315 (hereinafter the "Residence").

9. At all times material, the DEFENDANT was and is a Florida corporation and insurance carrier authorized by the State of Florida to transact insurance and is transacting insurance in Broward County, Florida.

10. On or about March 24, 2023, DEFENDANT issued Policy No. 09-1151094366-09 to PLAINTIFFS, which provided flood coverage to PLAINTIFFS for the twelve (12) month period commencing April 10, 2023. A copy of the declaration page and insurance policy (hereinafter the "Insurance Contract") is attached as **Composite Exhibit "A".**

11. The intent and purpose of the Insurance Contract is to provide flood insurance coverage, including, but not limited to, coverage for flooding, to its named insureds, PLAINTIFFS, for direct physical loss to the PLAINTIFFS' Residence and personal property, for the twelve (12) month period commencing April 10, 2023.

12. PLAINTIFFS paid the premiums due and the Insurance Contract was in full force and effect on April 12, 2023.

13. On or about April 12, 2022, severe flooding affected Broward County, Florida, and caused significant structural and other damages and physical changes to PLAINTIFFS' Residence, and destroyed their contents.

14. Governor Ronald DeSantis declared a State of Emergency due to this flooding, which included the damage to PLAINTIFFS' Residence. *See* Executive Order letter from Governor Ronald DeSantis, a copy of which is attached as **Exhibit "B"**.

15. In view of the Executive Order, PLAINTIFFS are required to bring their Residence into compliance with all applicable Florida Building Codes.

16. PLAINTIFFS timely reported their claim to DEFENDANT in accordance with the Insurance Contract.

17. Pursuant to 44 C.F.R. §62.23(d) and (i)(6), DEFENDANT was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Insurance Contract.

18. Pursuant to 44 C.F.R. § 62.23(i)(1), DEFENDANT was and is responsible for adjusting claims in accordance with general company standards, guided by NFIP Claims manuals.

19. DEFENDANT hired and assigned an insurance adjuster to inspect the PLAINTIFFS' Residence.

20. DEFENDANT's insurance adjuster together with DEFENDANT, prepared an estimate that failed to comply with the provisions of the Insurance Contract, DEFENDANT's general company claims handling standards and/or with NFIP claims manuals.

21. PLAINTIFFS' covered damages were documented by a valid Proof of Loss and supporting documentation, including a room-by-room, line-by-line, unit cost damage estimate, as required by the Insurance Contract, and were submitted to DEFENDANT for pre-suit review. *See* PLAINTIFFS' Proof of Loss, and supporting estimate, copies of which are attached as **Composite Exhibit "C"**.

22. PLAINTIFFS' contractor and/or adjuster found evidence that the flooding from this April 2023 event damaged their Residence in an amount and scope greater than what was found by DEFENDANT's adjuster.

23. Numerous covered items were omitted and/or underpaid by DEFENDANT.

24. To date, DEFENDANT's payments to PLAINTIFFS have failed to adequately compensate them for their covered losses.

25. Venue lies in the Southern District of Florida because, among other things, the subject insurance contract was entered into and provides insurance coverage for property in Broward County, Florida. In addition, a substantial part of the events or omissions giving rise to this claim occurred in and the Residence is located within the Southern District of Florida. *See* 28 U.S.C. §§1391(b) and (c), and 42 U.S.C. §4072.

26. All conditions precedent to the filing of this action have occurred, been waived and/or are excused.

## **COUNT I – BREACH OF INSURANCE CONTRACT**

27. This is an action by PLAINTIFFS against DEFENDANT for damages for breach of the Insurance Contract.

28. PLAINTIFFS re-allege and re-aver the allegations contained in paragraphs 1 through 26 above, with the same force and effect as if fully reset herein.

29. The Insurance Contract sets forth the rights and obligations of the DEFENDANT to PLAINTIFFS, including the following pertinent terms and conditions:

A. COVERAGE A – BUILDING PROPERTY

We insure against direct physical loss by or from flood to:

1. The dwelling at the described location…

    M. LOSS PAYMENT

1. We will adjust all losses with you. We will pay you unless some other person or entity is named in the policy or is legal entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss (or within 90 days after the insurance adjuster files the adjuster's report signed and sworn to you in lieu of a proof of loss) and

    a. We reach an agreement with you;

    b. There is an entry of a final judgment; or

    c. There is a filing of an appraisal award with us, as providing in VII.P.

*See* **Composite Exhibit "B"**.

    30.    On or about April 12, 2023 through the present, DEFENDANT materially breached the Insurance Contract by failing to promptly and fairly adjust PLAINTIFFS' claim, reach an agreement with the PLAINTIFFS on the amount of the covered damages, and pay the full amount of PLAINTIFFS' losses.

    31.    As a direct and proximate result of DEFENDANT's material breaches of the Insurance Contract, PLIANTIFFS have suffered compensatory damages.

    WHEREFORE, Plaintiffs, RICHARD COWAN and MICHELLE UJUETA demand judgment for damages for breach of contract against Defendant, WRIGHT NATIONAL FLOOD INSURANCE COMPANY, together with costs and such other and further relief the Court deems just and proper.

    The Plaintiffs demand a Trial by Jury on all issues so triable.

    Respectfully submitted April 8, 2024.

    **GELBER LAW GROUP, P.A.**
701 N. Andrews Avenue
Fort Lauderdale, Florida 33311
Phone: (954) 320-0100
Fax: (754) 217-5960
Primary email:    matt@gelberlawgroup.com
Secondary email:  lidia@gelberlawgroup.com

Service email:	eservice@gelberlawgroup.com
(For Pleadings Only)

By: __/s/ Matthew Gelber_____
MATTHEW GELBER, Esquire
Fla. Bar. No.: 115465